UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>BENITEZ DRYWALL, LLC,<br>RUBEN BENITEZ, and<br>HOGUER BENITEZ<br><br>Defendants,<br><br>v.<br><br>INDUSTRIAL CORROSION CONTROL, INC.<br><br>Third-Party Defendant. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION No. H-06-02762<br>(Honorable Nancy F. Atlas)<br><br>DEMAND FOR JURY TRIAL |

## <u>THIRD-PARTY COMPLAINT</u>

TO THE HONORABLE NANCY F. ATLAS:

Third-Party Plaintiffs, Benitez Drywall, LLC, Ruben Benitez, and Hoguer Benitez

(hereinafter "Benitez," or "Third-Party Plaintiffs"), by and through their attorneys, state the

following pursuant to Federal Rule of Civil Procedure 14 as their Third-Party Complaint against

Industrial Corrosion Control, Inc., (hereinafter "ICCI" or Third-Party Defendant"):

### I.    PARTIES AND JURISDICTION

1.      Plaintiff Elaine L. Chao, Secretary of Labor, filed a Complaint against Benitez on August

28, 2006, alleging violations of the Fair Labor Standards Act (FLSA), attached hereto as Exhibit

A.  See also Exhibit B: Docket Control Order; Exhibit C: Honorable Nancy J. Atlas's Order for

Conference and Disclosure of Interested Parties; Exhibit D: Honorable Nancy J. Atlas's local procedures.

2.    Third-Party Plaintiff Benitez is a newly formed Texas Limited Liability Company in the business of recruiting labor as an intermediary for employers.   Benitez is currently doing business at 222 W. Mount Houston Rd., Suited D and E, Houston, Texas 77037.

3.    Third-Party Defendant ICCI has been in business for over sixteen years and employed Benitez to recruit Texas workers for its reconstruction projects at the Beau Rivage Biloxi Resort & Casino and the Hard Rock Hotel, among other hotel projects. ICCI is currently doing business at 11130 Canal Rd., P.O. Box 3475, Gulfport, MS 39505.

4.    Venue is proper in this Court pursuant to 28 U.S.C. §1391.  Venue is also proper in this Court pursuant to Federal Rule of Civil Procedure 14 because ICCI is liable to the Plaintiff and/or Third Party Plaintiffs for all or a part of the Plaintiff's claims, should this Court find such claims have merit.

5.    Jurisdiction is proper in this Court under the Fair Labor Standards Act of 1938 (FLSA) at 29 U.S.C. § 201 and 28 U.S.C. § 1331.  The Court has personal jurisdiction over ICCI through the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.042.

## II.    COUNT ONE:  ICCI IS LIABLE TO PLAINTIFF AS AN EMPLOYER

6.    Benitez hereby incorporates and restates all prior allegations as if fully set forth herein.

7.    After Hurricane Katrina, ICCI was awarded reconstruction contracts at various hotel and casino projects along the Gulf Coast.  ICCI entered into a Contract Labor Agreement with Benitez for the purpose of recruiting Texas workers to help ICCI complete its projects.  At all times relevant to Plaintiff's Complaint, ICCI was the beneficiary of the labor recruited by

Benitez. Moreover, Benitez was "economically dependent" on ICCI as its major recruiting client.

8.     At all times relevant to this action, ICCI employed the individuals listed on Plaintiff's Complaint under the definition of the FLSA, 29 U.S.C. § 201 *et seq.*[1] and the law of the Fifth Circuit Court of Appeals, and is therefore responsible for the violations alleged by Plaintiff, if any liability is found to exist.

9.     Once the Texas workers recruited by Benitez were referred to ICCI worksites, ICCI controlled the day-to-day employment terms and working conditions of these individuals.

10.    ICCI controlled the schedule, work hours, and the amount of overtime worked by the individuals listed on Plaintiff's Complaint. ICCI completed daily timesheets to record the work hours of the individuals listed on Plaintiff's Complaint. ICCI reviewed the daily timesheets for accuracy based on hours performed, modified the hours, approved all timesheets, processed daily timesheets, handled billing and other administrative paperwork.

11.    ICCI supervised and controlled the details of the work being performed by the individuals listed on Plaintiff's Complaint, as only ICCI possessed knowledge of project requirements and specifications that were required by ICCI's contract with the general contractor.

12.    ICCI provided safety training and procedures to the individuals listed on Plaintiff's Complaint, frequently terminated their employment and requested employment verification documentation to confirm authorization to work in the United States. ICCI further controlled the employment of the individuals listed on Plaintiff's Complaint by moving them off worksites to rebuild private residential homes.

---

[1] The FLSA defines an "employee" as "any individual employed by an employer," 29 U.S.C. § 203(e) (1), and "employ" as "to suffer or permit to work," 29 U.S.C. § 203(g).

13.     At all times relevant to the instant action, ICCI compensated the individuals listed on Plaintiff's Complaint through intermediary payments to Benitez. ICCI did not pay Benitez or the individuals listed on Plaintiff's Complaint overtime wages when they worked in excess of 40 hours in a workweek. Despite several requests, ICCI failed to stop requiring overtime.

14.     ICCI employed the workers represented by Plaintiff by using an illegal subcontractor system. ICCI manipulated this system to evade its legal responsibility under the FLSA to pay overtime wages to workers recruited by Benitez for ICCI reconstruction projects. ICCI further benefited from the labor of the individuals listed on Plaintiff's Complaint by saving additional labor costs, such as workers' compensation insurance premiums and employment taxes.

15.     Defendants do not write or read English and otherwise have limited speaking proficiency in English. ICCI exploited Defendants inability to speak or understand English and the lack of understanding of the laws of the United States to establish a subcontractor shell of protection, and therefore, avoid labor costs.

16.     Based on ICCI's employer status and willfulness use of an illegal subcontractor system, ICCI is directly liable to Plaintiff for any and all overtime pay that may be due, including liquidated damages.

### III.     COUNT TWO: CONTRIBUTION

17.     Benitez hereby incorporates and restates all prior allegations as if fully set forth herein.

18.     To the extent Plaintiff's claims in this action against Benitez have legal merit, ICCI has contributed to the damages alleged to have been suffered by the individuals listed on Plaintiff's Complaint.

19.     To the extent Benitez is held liable to the Plaintiff, ICCI is liable to Defendants for equitable contribution.

## IV.   CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE,** Benitez demands judgment against ICCI for direct payment of overtime and liquidated damages to Plaintiff.  Moreover, should ICCI not be held directly accountable to Plaintiff, Benitez demands equitable contribution of any overtime pay and liquidated damages that may be assessed against Benitez.  Benitez further demands costs and attorneys' fees, and for any such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**ALANIZ AND SCHRAEDER, LLP**

Dax B. Deason
Texas State Bar No. 24038856
S. Dist. Admission No.37188
2500 City West Blvd. Ste. 1000
Houston, Texas 77042
Telephone: (281) 833-2200
Facsimile:  (281) 833-2240

**THE VEGA LAW FIRM**
Linda G.  Vega
S. Dist. Admission No. 633538
6420 Richmond, Suite 670
Houston, Texas 77057
Telephone: (713) 784-5252
Facsimile:  (713) 784-5858

ATTORNEYS FOR DEFENDANTS

# CERTIFICATE OF SERVICE

I certify that on November 27, 2006, a true and correct copy of the Defendants' **THIRD PARTY COMPLAINT** was filed with the Southern District of Texas electronically through the CM/ECF system and mailed to:

Ms. Colleen B. Nabhan                                              *via Certified Mail, RRR*
U.S. Department of Labor
Office of the Solictor
525 Griffin Street, Suite 501
Dallas, Texas 75202
Telephone (972) 850-3151
Facsimile (972) 850-3101

Ms. Shelia Ashabranner                                             *via First Class Mail*
Case Manager to Judge Nancy F. Atlas
United States Courthouse
515 Rusk Street, Room 9015
Houston, Texas 77002-2601
Telephone (713) 250-5407
Facsimile (713) 250-5994
E-mail: shelia_ashabranner@txs.uscourts.gov

Ms. Linda G. Vega                                                  *via First Class Mail*
The Vega Law Firm
6420 Richmond, Suite 670
Houston, Texas 77057
Telephone: (713) 784-5252
Facsimile: (713) 784-5858


Dax B. Deason